Case 2:23-cv-00518-JRS-MG    Document 1    Filed 11/06/23    Page 1 of 4 PageID #: 1

**FILED**
11-6-2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

United States District Court
Southern District of Indiana

GREGORY KEITH COX - #103230

Plaintiffs

— vs —

CORRECTION OFFICER WEBB
CORRECTION OFFICER FAGORAGE

Defendants

Civil Action No. 53C06-0009-CF-00554

Complaint

2:23-cv-518-JRS-MG

## I. Jurisdiction; Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983, to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff Cox seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.

2. The Terra Haute District of Indiana is an appropriate venue under 28 U.S.C. Section 1391(b)(2), because it is where the events giving rise to this claim occurred.

## II. Plaintiffs

3. Plaintiff Cox, is and was at all time mentioned herein a prisoner of the State of Indiana in the custody of the Putnam Correctional Facility. He is currently confined in Greencastle IN. 46135.

4. Plaintiff Cox is and was at all times mentioned herein a prisoner of the State of Indiana in custody of the Putnam Correctional Facility. He is currently confined in Putnam Correction, State Prison, Greencastle, IN 46135.

1

## III. Defendants

5. Defendant C/O Webb is a Correctional Officer of the Putnam Correction who, at all times mentioned in this complaint, held the rank of Prison guard and was assigned to Putnam Correctional Facility.

6. Defendant C/O Officer Webb/Fagorage are a Correctional Officer, Indiana Department of Corrections, who, at all time mentioned in this complaint, held the rank of Prison guard and was assigned to Indiana, Putnam, Correction, Facility, Prison.

7. Each Defendant is sued Individually and his official capacity. At all times mentioned in this complaint each defendant acted under the color of State law.

## III. Facts

8. At all time relevant to this case, Plaintiff Cox was an Inmate, at the Putnam Correctional Facility, Greencastle IN. 46135

9. On May 19th, 2023, Officer Whitiany, at the Putnam Correction Facility called a signal (3000), Plaintiff had a seizure.

10. When the Plaintiff wake up they Health Nurse, sent Plaintiff back to the Dorm. The Plaintiff again had a second seizure and fell out.

11. This time Plaintiff respectfull requested C/o Webb Defendant and C/o Fagoroye Defendant to move me from up stairs 18. South to ground level, Facility, because of the seizure.

12. Plaintiff had every right to be protective from harm Both Defendant denied the Plaintiff request to be move.

(2)

3. In Farmer, the Supreme Court emphasized that deliberate indifference is a, subjective, not objective, requirement.

4. This means that it is not enough to show that the Defendant should have known about a particular risk, or that a reasonable person would have known, that Plaintiff, could have a seizure and fall down the steps and causing harm or death.

15. Estelle v Gamble, the Court held that deliberate indifference to Serious medical needs of prisoners, is what the Defendant did when denied his request to move from up stairs to a ground level Dorm. They failed to consider a seizure that Plaintiff is known to have as a serious medical need.

16. The Defendants all knew about a substantial risk of serious harm if Plaintiff had a seizure and fell down the steps, a very fact that the risk was obvious.

## IV. EXHAUSTION OF LEGAL REMEDIES

17. Plaintiff used the Prisoner grievance procedure available at Putnam Correctional Facility Prison to try and solve the problem. On May 19th 2023, Plaintiff presented the facts relating to this complaint. 8/25/2023 Grievance was return and said: "Staff assignments is not a function of this process DENIED Grievance

18. The Return of Grievance, to my knowledge their no policy to go to, dealing with the return of Grievance. Exhaustion has been met.

(3)

## V. Legal Claims

19. Plaintiff reallege and incorporate by reference Paragraph 1-16

20. Defendant's are guilty of Deliberate indifference to A Serious medical needs. Deliberate indifference is an intent or state of mind requirement. It exists when an official knows about a serious danger to an inmate and yet is indifferent, unconcerned, uncaring to the danger.

21. Defendants illegal action, unconcerned, uncarring to the danger. Defendants violated the 8th Amended to the Constitution

22. Plaintiff has no plain, adequate or complete remedy at law to redress the wrong described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the relief which Plaintiff seeks.

## VI. Relief

Wherefore, Plaintiffs respectfully, request, that this Court enter Judgment Granting Plaintiff (o) Compensatory damages in the amount of $800.000 thousand U.S. Dollars, against each defendants, Jointly and severally. Plaintiff seek Punitive damages in the amount of $800.000 thousand dollars. Plaintiff also seek a Jury trial on all Issue triable by Jury. Plaintiff Also seek recovery of his costs in this suite and additional relief this Court deems Just, proper and equitable.

DATE: 10-23-2023

X Respectfully submitted
Gregory K. Cox
Gregory K. Cox
# 103230